

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2013

# Alvin Simmons Jr. v. AAA East Central Century III O

Precedential or Non-Precedential: Non-Precedential

Docket No. 12-4369

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"Alvin Simmons Jr. v. AAA East Central Century III O" (2013). *2013 Decisions.* Paper 1117.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/1117

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

GLD-150                                                    **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 12-4369
_____

ALVIN R. SIMMONS, JR.,
                                                  Appellant
v.

AAA EAST CENTRAL CENTURY III OFFICE;
DONALD SIMS, Century III Office Manager

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:12-cv-01457)
District Judge:  Honorable Cathy Bissoon

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 7, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: March 15, 2013 )
_____

OPINION
_____

PER CURIAM

     Pro Se Appellant Alvin R. Simmons, Jr., a detainee at the Northeast Ohio

Correctional Center in Youngstown, Ohio, appeals the dismissal of his complaint under

28 U.S.C. § 1915(e)(2)(B)(ii).  We have jurisdiction pursuant to 28 U.S.C. § 1291 and

exercise plenary review over the District Court's order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Because the appeal does not present a substantial question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Simmons filed this civil rights action against Defendants AAA East Central Century III Office("AAA") and Donald Sims pursuant to 28 U.S.C. § 1983, alleging deprivations of his rights under the Fourth, Fifth and Sixth Amendments to the Constitution of the United States. In his complaint, Simmons alleged that while he was at the offices of a AAA travel agency in Pittsburgh, Pennsylvania, he was solicited for sex by a AAA employee in exchange for Disney tickets. The District Court granted Simmons' application to proceed in forma pauperis. The District Court then dismissed the complaint without prejudice, sua sponte, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii) for failure to state a claim on which relief may be granted. The Court held that Simmons did not state a claim under 42 U.S.C. § 1983 against the Defendants because he failed to allege that they were state actors. The Court concluded that any amendment would be futile and thus dismissed the complaint without providing leave to amend. Simmons appealed.

We agree with the District Court's determination that Simmons' complaint fails to state a claim against AAA and Sims and that any leave to amend would be futile. A § 1983 claim has two essential elements: (1) the conduct complained of must be "committed by a person acting under color of state law"; and (2) this conduct must

2

"deprive[] a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (internal quotation marks omitted). Here, AAA and Sims are clearly private parties. While a private party can qualify as a state actor when there "is a sufficiently close nexus" between the state and the private party's conduct, id., Simmons has alleged no such connection here. Simmons has thus not stated a viable claim against AAA and Sims. Accordingly, we conclude that this appeal presents no substantial question, and we will summarily affirm the judgment of the District Court.[1]

---

[1] To the extent that Simmons has alleged a state law claim for intentional infliction of emotional distress, as inferred by the District Court, we agree that Simmons fails to state a claim of intentional infliction of emotional distress against either AAA or Sims under Pennsylvania law.

3